United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO DELGADILLO LOPEZ,

Plaintiff,

v.

K. ALLISON, et al.,

Defendants.

Case No. 21-cv-00406-WHO

**ORDER OF DISMISSAL IN PART AND SERVICE IN PART; ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION; INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff Alejandro Delgadillo Lopez alleges his Eighth Amendment rights were violated by officials at San Quentin State Prison ("SQSP") and California Institute for Men ("CIM"), executives at the California Department of Corrections and Rehabilitation ("CDCR"), and a court-appointed federal receiver. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).[1]

Delgadillo Lopez has stated a cognizable claim for violation of the Eighth Amendment. The Court directs defendants to file in response to the FAC with a dispositive motion, or a notice regarding such motion, on or before **September 3, 2021.**

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The operative complaint is Dkt. No. 7, an amended complaint which plaintiff filed before his original complaint was reviewed. J. Arnold, M. Bloise, B. Maub, B. Dutton, K. France, T. R. Teixeira, and Governor Gavin Newsom were named as defendants in the original complaint but not in the amended complaint. All claims against them are dismissed.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Delgadillo Lopez alleges that officials at SQSP and CIM, executives at CDCR, and the federal receiver were all deliberately indifferent to his serious medical needs. (*See* generally, Dkt. No. 7 ("FAC").) Specifically, Delgadillo Lopez names the following defendants:

- Executives at CDCR: Kathleen Allison, Director; Ralph Diaz, Secretary; Ron Davis, Associate Director of Reception Centers; Dr. R. Steven Tharratt, Director of CDCR Medical Services; Dr. Joseph Bick, Director of California Corrections Healthcare Services;

- At SQSP: Ron Broomfield, Acting Warden; Dr. A. Pachynski, Chief Medical

Officer; Clarence Cryer, Healthcare Chief Executive Director;

- At CIM: Dean Borders, Warden; Dr. L. Escobell, Chief Medical Officer; and

- Clark Kelso, the Federal Receiver appointed by the *Plata/Coleman* court.

Delgadillo Lopez alleges that in March 2020 officials at SQSP failed to provide free tests for Covid-19 and adequate personal protective equipment ("PPE") to all staff and inmates (*see id.* at 7); that in May 2020 the defendants transferred inmates from CIM to SQSP without adequate testing, which resulted in an outbreak of Covid-19 at SQSP (*see id*. at 10-14); that the defendants ignored warnings from local health officials and did not re-test or isolate the CIM inmates after the transfer (*see id*. at 14-15); and that Delgadillo Lopez experienced and continues to experience symptoms of Covid-19 following these events (*see id*. at 15). Delgadillo Lopez seeks compensation for his injuries, and an "injunction ordering [SQSP to] attend to 'all' of plaintiff's medical and dental concerns." (*Id*. at 19.)

As to the allegations regarding the March 2020 failure to provide Covid-19 tests and PPE, Delgadillo Lopez has failed to state a claim. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). An accident or evaluative mistake does not reach the required mental state. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Delgadillo Lopez expressly states that, before the transfer of inmates from CIM, SQSP was "infection free." (FAC at 10.) Prison officials cannot be said to have acted with the "obduracy and wantonness . . . that characterize the conduct prohibited by the Eighth Amendment" when they failed to distribute materials to contain a non-existent outbreak. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, to the extent Delgadillo Lopez bases an Eighth Amendment claim on prison officials' failure to distribute Covid-19 tests and PPE, his allegations show that prison officials lacked the required mental state.

As to Delgadillo Lopez's request for injunctive relief, this request is plainly

3

1  unrelated to the gravamen of this action.  Delgadillo Lopez does not connect the need for

2  dental care to officials' actions regarding Covid-19, nor does he allege that prison officials

3  failed to provide him with medical care.  (*See generally*, FAC.)  Indeed, Delgadillo Lopez

4  does not even name any defendants who were directly involved in his medical care.  (*See*

5  *id*.)

6      Delgadillo Lopez may not bring unrelated claims in one suit.  Federal pleading rules

7  require that claims be based on "the same transaction, occurrence, or series of transactions

8  or occurrences" and pose a "question of law or fact common to all defendants."  Fed. R.

9  Civ. P. 20(a)(2).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated

10  claims against different defendants belong in different suits, and prisoners must pay the

11  required filing fees under the PRLA).  Delgadillo Lopez's request for injunctive relief is

12  dismissed without leave to amend, but without prejudice to filing a separate lawsuit

13  challenging any failure to provide medical or dental care.

14      Delgadillo Lopez's allegations regarding the transfer of inmates from CIM to SQSP

15  are a different matter.  He alleges that the transfer was ordered by the federal receiver, that

16  the federal receiver and executives at CDCR pressured CIM to effect the transfer quickly,

17  and that in order to effect this transfer quickly, CDCR executives approved CIM's skirting

18  of health guidelines.  (*See* FAC at 10.)  The skirting of health guidelines included ordering

19  the transfer of inmates whose Covid-19 tests were out-of-dateor who had not been tested

20  for Covid-19 at all; this resulted in infected inmates being moved from CIM to SQSP.

21  (*See id*. at 10-12.)  Delgadillo Lopez alleges that CIM officials and CDCR executives

22  pursued this course of action despite repeated warnings that the transfer, and lack of testing

23  surrounding the transfer, were "problematic."  (*Id*. at 12.)

24      During the transfer itself, Delgadillo Lopez alleges that CDCR executives ignored

25  social distancing protocols and overloaded buses, likely furthering the spread of Covid-19.

26  (*See id*. at 13.)  Moreover, after the CIM inmates arrived at SQSP, SQSP officials chose to

27  neither re-test nor isolate the CIM inmates, despite warnings from local health officials that

28  such measures were necessary.  (*See id*. at 14-15.)

4

Delgadillo Lopez alleges that he began to suffer from symptoms of Covid-19 shortly after the transfer of infected inmates from CIM to SQSP, and that he continues to experience adverse effects.  (*See id*. at 16.)  Liberally construed, this is sufficient to allege an Eighth Amendment claim against the defendants.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Court orders service of the First Amended Complaint (Dkt. No. 7) on the defendants and orders the defendants to respond to plaintiff's claim that defendants violated the Eighth Amendment with respect to the transfer of inmates from CIM to SQSP, which claim includes the defendants' actions before, during, and after the transfer.

2.      Service on the defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint and exhibits thereto (Dkt. No. 7), this order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the plaintiff.

3.      No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a Completed CDCR Report of E-Service Waiver advising the court whether the defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS"), or whether any Defendant declined to waive service or could not be reached.

4.      CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

5.      If any defendant does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon the Defendant.  The Clerk also

shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. On or before **September 3, 2021**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a. If defendants elect to challenge the First Amended Complaint on any procedural ground, they shall do so in an appropriately styled motion. *See, e.g., Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (holding the failure to exhaust should be raised in a summary judgment motion).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **October 15, 2021**.

4. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on the defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to the defendants or their counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prison inmates may review all non-confidential material in their medical and central files pursuant to *In re Olson*, 37 Cal. App. 3d 783

(Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order.  Such requests must be made directly to jail officials, not to the Court.

8.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. The Clerk shall TERMINATE the following defendants, who were not named in the First Amended Complaint: J. Arnold, M. Bloise, B. Maub, B. Dutton, K. France, T. R. Teixeira, Gov. Gavin Newsom. All claims against these individuals are DISMISSED.

**IT IS SO ORDERED.**

**Dated:** May 10, 2021



WILLIAM H. ORRICK
United States District Judge